UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYSHAWN J PENN,

    Plaintiff,

v.

C.O. EASH, et al.,

    Defendants.

Case No. 1:22-cv-262

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an incarcerated individual who proceeds *pro se*, tendered a complaint against Defendant Correctional Officer Eash and two institutional defendants. Pursuant to local practice, this case has been referred to the undersigned magistrate judge. Currently pending before the Court are: (1) Plaintiff's amended complaint; (2) Defendant's motion to dismiss the original complaint; (3) Defendant's motion to strike certain documents filed by Plaintiff; and (4) Defendant's motion to strike Plaintiff's response in opposition to Defendant's motion to dismiss. For the reasons that follow, a portion of Plaintiff's amended complaint should be dismissed *sua sponte* and Defendant's motion to dismiss should be denied as moot. The motions to strike are addressed by separate order filed herewith.

    **I.    Procedural Background and Pending Motions**

As a prisoner civil rights case filed *in forma pauperis*, this case was subject to initial screening under the Prison Litigation Reform Act of 1995 (PLRA). Upon completion of that initial screening, the Court dismissed Plaintiff's claim against the two institutional defendants under 28 U.S.C. § 1915(e)(2)(B), while allowing Plaintiff's excessive force

1

claim against Defendant Eash to proceed. (Docs. 5, 13). Pursuant to the Court's Order, the U.S. Marshal was directed to serve Defendant with a copy of the summons and complaint. (Doc. 5). The summons form reflects that service was executed on July 25, 2022. (Doc. 16). On that same date, within the time allotted by Rule 15(a)(1), Fed. R. Civ. P., Plaintiff filed an amended complaint. However, the record reflects that the amended complaint has not yet been screened under 28 U.S.C. § 1915(e)(2)(B).

On August 10, 2022, Defendant Eash, through counsel, moved to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. 10). The sole basis cited for dismissal is Plaintiff's purported failure to exhaust his administrative remedies prior to filing suit Defendant's motion is unambiguously directed to the *original* complaint, (Doc. 4), and fails to reference the amended complaint.

On August 23, 2022, Plaintiff filed a response in opposition to Defendant's motion to dismiss.[1] In his response, Plaintiff alleges that he tried to exhaust. (*See* Doc. 12). On August 30, 2022, Plaintiff filed a "Notice of Additional Evidence" that purports to relate to his attempts to exhaust his administrative remedies. Though partially illegible, the "Additional Evidence" consists of copies of grievances and related documents primarily (but not exclusively)[2] relating to a separate March 2022 incident. (Doc. 14).

On September 14, 2022, Defendant filed a motion to strike Plaintiff's "Additional Evidence" as irrelevant and immaterial. (Doc. 17). Also on September 14, 2022, Plaintiff

---

[1] Although Plaintiff filed an earlier document, (Doc. 11), that was also docketed as a response in opposition to Defendant's motion to dismiss, that document is not a response but instead is a letter seeking legal advice from the Court. By separate order filed herewith, the undersigned directs the Clerk to correct the docket sheet to reflect the nature of that document.

[2] Some of the documents briefly reference the incident at issue here. (*See*, *e.g.*, Doc. 14 at 3, PageID 82, (alleging that Plaintiff received a step two "Notification of Grievance" (NOG) form for March 2022 incident but complaining that "I haven't even got one [for] my [assault] 10-25-21.")). The issue of whether Plaintiff timely requested or received an NOG form for the 10/25/21 incident is relevant to Defendant's affirmative defense that Plaintiff failed to exhaust all available remedies.

filed a document captioned as a "Reply" to Defendant's pending motion to dismiss, in which Plaintiff alleges that unidentified prison officials retaliated against him and/or used additional force against him on March 15, 2022. On October 4, 2022, Defendant filed a second motion to strike Plaintiff's reply memorandum as procedurally improper and immaterial to Defendant's pending motion to dismiss. (Doc. 19),

**II. Analysis**

**A. The Amended Complaint Supersedes the Original Complaint**

"Normally, an amended complaint supersedes the original complaint." *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 (2009); *see also Drake v. City of Detroit, Michigan*, 266 Fed. Appx. 444, 448 (6th Cir. 2008) (finding an amended complaint renders the first complaint a nullity). As such, the amended complaint is now the operative complaint and is subject to initial screening under the PLRA.

**B. Screening Plaintiff's Amended Complaint Against Defendant Eash**

Plaintiff's amended complaint names only Defendant Eash, without reference to the previously dismissed institutional defendants. Notably, the amended complaint is not written on the same institutional form previously used by Plaintiff and does not contain any allegations regarding Plaintiff's use of the prisoner grievance procedures or relevant to the issue of administrative exhaustion.[3] (*Compare* Doc. 9 *with* Doc. 4 at 2, PageID 33). Instead, the amended complaint expands upon prior allegations of excessive force by Defendant Eash. The amended complaint also alters the request for relief, clarifying that

---

[3]The original complaint form used by Plaintiff includes questions regarding use of the prison grievance procedure. Plaintiff's responses to those questions provided the grounds for Defendant's motion to dismiss.

3

Plaintiff seeks declaratory[4] and monetary relief against Defendant Eash in both his individual and official capacities. (Doc. 9 at 2, PageID 58).

At this stage in the proceedings, without the benefit of briefing by the parties and construing the amended complaint liberally, the undersigned concludes that Plaintiff Penn may proceed with his excessive force claim against C.O. Eash solely in his individual capacity. To the extent that Plaintiff raises the same claim against Eash in his official capacity, that claim should be dismissed. *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

The Eleventh Amendment of the United States Constitution "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1991). Claims for monetary relief against state employees in their official capacities are similarly barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018). Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 672-73 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982).

The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state.

---

[4]The only reference to declaratory relief is Plaintiff's request for "a declaration that the acts an[d] omissions described herein violate [Plaintiff's] rights under the Constitution and laws of the United States." (Doc. 9 at 4, PageID 60).

*Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against a defendant in his official capacity would, in reality, be a way of pleading the action against the entity of which a defendant is an agent. *Monell v. Department of Soc. Svcs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.") (citation and ellipsis omitted). Accordingly, Defendant Eash is immune from suit in his official capacity.

**C. Defendant's Motion to Dismiss Should be Denied as Moot**

The undersigned recommends that Defendant's motion to dismiss be denied as moot. First and foremost, the motion is entirely moot because it relates to allegations in the original complaint that do not appear in the amended complaint. The original complaint was rendered null and void once Plaintiff filed his amended complaint.

In its discretion, a court *may* consider a motion to dismiss after an amended complaint is filed *if* the motion remains fully relevant to the amended complaint.

> If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.

*Yates v. Applied Performance Technologies, Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (2d ed. 1990)). Here, however, it is more appropriate to deny the pending motion as moot based

5

upon critical differences between the allegations contained in the original and amended pleading, as well as ambiguities in the record under the limited Rule 12(b)(6) scope of review even if the Plaintiff's prior statements are considered.

Defendant's motion to dismiss rests on statements made by Plaintiff on the original complaint form that implied that Plaintiff may have failed to fully exhaust his administrative remedies.  Within the body of the institutional complaint form, Plaintiff answered "no" to a question asking whether he had used the prison grievance process.  In a narrative explanation, he alleges:  "The institution still uses paper ones due to no Kiosk on R-Block or L-I & I took the steps of informal 1st no response & the inspector holds the grievances & asked another time through kites." (Doc. 4 at 2, PageID 33).  Plaintiff alleges that he complained numerous times to prison authorities.  (*Id.*)

Relying on Plaintiff's statements, Defendant argues that Plaintiff failed to complete Ohio's three-step administrative exhaustion process.  Exhaustion of available institutional remedies is "mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

However, the only statements regarding Plaintiff's use of the grievance process appear on the original complaint form; no such statements appear in the amended

complaint, which is the operative pleading. "In a claim by a prisoner, failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cnty.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 204). Because exhaustion is an affirmative defense, a plaintiff is not required to *plead* exhaustion in his complaint. And – unless a plaintiff has included allegations that convincingly show he has failed to exhaust – a defendant cannot win on this defense unless *the defendant proves* a lack of exhaustion. *Contrast Mattox v. Edelman*, 851 F.3d 583, 589 n.3 (6th Cir. 2017) (a court may dismiss a case even prior to service on defendants based upon a failure to exhaust "if the complaint itself makes clear that the prisoner failed to exhaust.") (quoting *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)). Because the amended complaint no longer contains any statements relevant to the issue of exhaustion, Defendant's motion should be denied as moot.

Even if a reviewing court were to consider the statements made in the original complaint, however, the undersigned still would recommend denial of the motion under the limited standard of review that applies to motions filed under Rule 12(b)(6). "[I]n the absence of a clear admission on the issue in the complaint itself, multiple courts have acknowledged that "the exhaustion affirmative defense is best raised in a motion for summary judgment . . . because proof of lack of exhaustion generally requires resort[ing] to matters outside the pleadings, such as affidavits and documentary evidence."[5] *Hollis v. Erdos*, 480 F. Supp.3d 823, 830-31 (S.D. Ohio 2020) (citing *Daugherty v. K.S.P. Medical Department*, 2018 WL 1095820, at *3 (W.D. Ky. Feb. 27, 2018)). "When the

---

[5]Typically, in the context of a summary judgment motion in which the Court can look outside the pleadings, a defendant will provide an affidavit by an institutional records keeper that verifies what (if any) administrative steps the plaintiff took to exhaust prior to filing suit, as well as copies of relevant grievances and appeal forms.

7

defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Surles v. Andison*, 678 F.3d 452, 455-456 (6th Cir. 2012)); *see also Blissit v. Fiquris*, 345 F.Supp.3d 931 (S.D. Ohio 2018) (granting summary judgment based upon inmate's failure to comply with Ohio's grievance process for excessive force claim, discussing burden of proof).

Considering that it is Defendant's burden to prove the lack of exhaustion based solely on the pleadings, the undersigned finds the statements made in the original complaint to be ambiguous. Construed liberally, Plaintiff appears to be complaining about the availability of the grievance procedure. A prisoner may demonstrate exhaustion of all "available" remedies, even if he did not complete Ohio's three-step process, if prison officials thwarted his attempts at exhaustion *Does 8–10 v. Snyder*, 945 F.3d 951, 965 (6th Cir. 2019) (collecting and discussing cases). Also, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross v. Blake*, 136 S.Ct. 1850, 1859, 578 U.S. 632, 643 (2016); s*ee also Troche v. Crabtree*, 814 F.3d 795, 800 (6th Cir. 2016) (holding that plaintiff had sufficiently exhausted without completion of step three of Ohio's process where prison officials failed to respond to his step two Notification of Grievance form). The undersigned therefore recommends denial of Defendant's motion to dismiss as moot, without prejudice to renew the exhaustion argument in a future dispositive motion under Rule 56, if supported by appropriate evidentiary exhibits.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT:**

1. Considering Plaintiff's amended complaint under the screening standards of the PLRA, Plaintiff's claim against Defendant Eash in his official capacity should be DISMISSED, but the excessive force claim against Defendant Eash in his individual capacity should be permitted to proceed;

2. Defendant's motion to dismiss the original complaint (Doc. 10) should be DENIED AS MOOT;

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

 s/Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RAYSHAWN J PENN,

    Plaintiff,

v.

C.O. EASH, et al.,

    Defendants.

Case No. 1:22-cv-262

McFarland, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).