UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYSHAWN J PENN,

    Plaintiff,

v.

C.O. EASH, et al.,

    Defendants.

Case No. 1:22-cv-262

McFarland, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an incarcerated individual who proceeds *pro se*, tendered a complaint against Defendant Correctional Officer Eash and two institutional defendants. On this same date, the undersigned has filed a Report and Recommendation ("R&R") that addresses Plaintiff's amended complaint and Defendant's motion to dismiss the original complaint. This Order directs Defendant to respond to the amended complaint in light of the recommended denial of the motion to dismiss. *See* Fed. R. Civ. P. 15(a)(3) ("*Unless the court orders otherwise*, any required response to an amended pleading must be made . . . within 14 days after service of the amended pleading.") (emphasis added). The Order also addresses non-dispositive motions to strike that closely relate to Defendant's motion to dismiss.

**I.    Defendant's Motions to Strike (Docs. 17, 19)**

Consistent with the undersigned's recommended denial of Defendant's motion to dismiss, Defendant's motions to strike are moot. Moreover, the authority cited by for striking Plaintiff's filings, Rule 12(f), is limited to pleadings. Here, Defendant does not seek to strike a pleading, but instead seeks to strike a "Notice of Submitting Additional

1

Evidence" filed by Plaintiff, along with an unauthorized reply memorandum. (*See* Docs. 17, 19). Although both of the referenced filings by Plaintiff are procedurally improper, neither demands any action by this Court. With the exception of improperly filed discovery requests, (*see* Doc. 8), it is the general practice of the undersigned to ignore, rather than to strike, improperly filed memoranda. Therefore, the Court will deny the two motions to strike and take no further action on the procedurally improper documents filed by Plaintiff.

## II. Plaintiff's Liberally Construed Motion for the Appointment of Counsel

In the course of drafting the R&R filed herewith, the undersigned determined that one document filed by Plaintiff was mischaracterized as a response to the motion to dismiss. Upon further review, the document appears to be a request for general assistance and/or the appointment of counsel by the Court. (*See* Doc. 11, asking for "all the info I can get about court term words how to file motions & what motions to file at certain times or a lawyer appointed to me . . . ."). The Court cannot provide the assistance Plaintiff seeks, as the Court does not provide legal advice to pro se litigants.

To the extent that Plaintiff's correspondence may be liberally construed as a motion for the appointment of counsel, Plaintiff's motion will be denied. Civil litigants have no constitutional right to the appointment of counsel at government expense. *See Anderson v. Sheppard*, 856 F.2d 741, 748 (6th Cir. 1988). Limited resources preclude the appointment of free counsel for *pro se* civil litigants except in "exceptional" circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Plaintiff has proven himself to be sufficiently capable of filing multiple documents, including an amended complaint that contains an Eighth Amendment claim that has survived initial

screening.  In short, this case presents no exceptional circumstances that would warrant the extremely rare appointment of counsel at government expense.

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT:**

1. In light of the recommended denial of Defendant's motion to dismiss the original complaint and corresponding screening of the amended complaint, Defendant shall answer or otherwise respond to the amended complaint <u>within fourteen days of the date of this Order;</u>

2. Defendant's motions to strike (Docs. 17, 19) are both **DENIED AS MOOT** with no further action to be taken on Plaintiff's improperly filed documents;

3. The Clerk of Court shall clarify the record to reflect that the document filed on August 18, 2022 as a response in opposition to Defendant's motion to dismiss (Doc. 11) is a letter/correspondence to the Court and not a response to the motion to dismiss.  The Court hereby construes said letter as a motion for the appointment of counsel, which motion is **DENIED**.

<u>s/Stephanie K. Bowman</u>
Stephanie K. Bowman
United States Magistrate Judge